**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4016

DONALD EUGENE TIDWELL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4119

ROBERT HOLMES,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-94-297)

Submitted: November 26, 1996

Decided: January 9, 1997

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis H. Lang, CALLISON, TIGHE, ROBINSON & HAWKINS,
L.L.P., Columbia, South Carolina; Lionel S. Lofton, Charleston,

South Carolina, for Appellants. J. Rene Josey, United States Attorney, Marshall Prince, Assistant United States Attorney, Christopher Seybolt, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is a consolidated appeal of convictions arising from a large-scale drug conspiracy in South Carolina. Appellant Donald Tidwell appeals his conviction for conspiracy to possess with intent to distribute cocaine,[1] and Appellant Robert Holmes appeals his convictions on two counts of possession with intent to distribute cocaine.[2] Both Appellants contend that the district court erred by denying their FED. R. CRIM. P. 29 motions for acquittal. After reviewing the record, we find no reversible error and affirm Tidwell's and Holmes's convictions and sentences.

In appeal No. 96-4016, Tidwell asserts that the evidence failed to establish that he either had knowledge of the conspiracy or agreed to join the conspiracy as charged in the indictment. According to Tidwell, the evidence merely showed that he associated with the other defendants, and that they were possibly involved in drug transactions. Tidwell's claim is without merit.

We review a denial of a motion for acquittal under a sufficiency of evidence standard.[3] To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be suffi-

_____

[1] 21 U.S.C. § 846 (1994).
[2] 21 U.S.C. § 841(a)(1) (1994).
[3] **United States v. Brooks**, 957 F.2d 1138, 1147 (4th Cir.), <u>cert. denied</u>, 505 U.S. 1228 (1992).

2

cient for a rational jury to have found the essential elements of the crime beyond a reasonable doubt.**4** All reasonable inferences from the facts established to those sought to be established may be made.**5** In this case, the government presented testimony showing that Tidwell was a participant in the drug conspiracy and that Tidwell purchased substantial quantities of cocaine on several occasions.

While Tidwell argues that the government's evidence consisted exclusively of testimony by co-defendants which was self-interested and therefore unreliable, such an argument is unavailing. Tidwell had every opportunity to challenge the criminal histories, biases, and motivations of the government's witnesses during cross-examination and argument. The jury found the government's evidence believable and the jury's decision on the credibility of witnesses is not reviewable by this court.**6**

In appeal No. 96-4119, Holmes asserts that the evidence was insufficient to establish that he was the person who sold cocaine to the informant on two occasions. Holmes's claim is without merit as the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt.**7**  The government offered eyewitness testimony that Holmes was the one who provided cocaine to the informant on January 19, 1994. In addition, testimony established that the informant purchased cocaine from the same individual on January 26, 1994. Like Tidwell, Holmes had an opportunity to challenge the government's witnesses during cross-examination, and we cannot substitute our judgment for the jury's. **8**

Accordingly, the district court ruled correctly in denying the

_____

**4 United States v. Brewer**, 1 F.3d 1430, 1437 (4th Cir. 1993); see Glasser v. United States, 315 U.S. 60, 80 (1942).
**5 United States v. Tresvant**, 677 F.2d 1018, 1021 (4th Cir. 1982).
**6 United States v. Saunders**, 886 F.2d 56, 60 (4th Cir. 1989).

**7 United States v. Murphy**, 35 F.3d 143, 148 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-7337).
**8 United States v. Johnson**, 55 F.3d 976, 979 (4th Cir. 1995).

3

Defendants' Rule 29 motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4